Lawrence **HILL, Plaintiff,**

v.

**RHODES FURNITURE,
et al., Defendants.**

No. C–1–98–782.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 18, 1999.

Kenneth J. Barr, Fisher & Phillips, LLP, Atlanta, GA, for Defendant.

Lawrence Hill, pro se.

*Memorandum and Order*

BECKWITH, District Judge.

Plaintiff initiated this action, *pro se*, on October 14, 1998 by filing a complaint pursuant to which he asserts claims of employment discrimination against Defendants Rhodes Furniture and Rhodes Incorporated. Plaintiff did not effect service upon Defendants within the 120–day period established by Rule 4(m) of the Federal Rules of Civil Pro-

---

cedure. On April 26, 1999, United States Magistrate Judge Jack Sherman, Jr. issued a order directing Plaintiff to show cause why the complaint should not be dismissed for failure of service. Also on that date, Defendants moved for the dismissal of this action for failure and insufficiency of service. In their memorandum in support of that motion, Defendants represented that they had received the summons and a copy of the complaint in this matter by certified mail on April 6, 1999. The mailing did not include the waiver of service form required by Rule 4 and was not accomplished in a manner permitted by that Rule.[1]

In response to the order issued by Magistrate Judge Sherman, Plaintiff represented that three of his siblings had died in a twelve month period and that he was primarily responsible for the care of his ailing mother, causing him to neglect his personal affairs. Plaintiff did not file a memorandum in opposition to Defendants' motion to dismiss.

On June 1, 1999, Magistrate Judge Sherman issued a Report and Recommendation pursuant to which he recommended that Defendants' motion to dismiss be denied and that Plaintiff be ordered to effect service within thirty days. The Magistrate Judge construed Plaintiff's response to the order to show cause to be his response to Defendants' motion to dismiss, even though that response did not address Defendants' arguments concerning sufficiency of service. The Magistrate Judge concluded that the Plaintiff had demonstrated good cause, based upon illnesses and deaths in his immediate family, for his failure to timely effect service. While he did not address Defendants' arguments concerning the sufficiency of service, he recommended that Plaintiff be afforded an additional thirty days within which to accomplish

service. The Court interprets that recommendation as a tacit conclusion that Plaintiff had not accomplished service as of the date of the Report and Recommendation, that is, that the attempt at service by certified mail was ineffective, a conclusion with which the Court agrees.

On June 10, 1999, Defendants filed objections to the Report and Recommendation. They argued that the Magistrate Judge erred in concluding that Plaintiff had demonstrated good cause for his failure to timely effect service. Plaintiff did not timely respond to Defendants' objections.

On July 23, 1999, Defendants again moved for the dismissal of Plaintiff's complaint for failure to timely effect sufficient service. Plaintiff did not respond to that motion.

On October 22, 1999, United States District Judge Herman J. Weber convened a hearing to consider Defendants' objections to the Magistrate Judge's Report and Recommendation. At that hearing, Plaintiff produced death certificates that demonstrate that two of his brothers died many months before Plaintiff filed the complaint initiating this action. One of his sisters died a few weeks after Plaintiff filed the complaint. Plaintiff provided a great deal of care to his ailing mother during the period beginning in 1994 or 1995 to the present. Plaintiff conceded that his brothers' deaths did not directly interfere with his efforts to effect service of the summons and complaint in this matter. He testified that his sister's death caused him to be distracted from his own personal affairs. He did not explain how these events prevented him from effecting service during the entire 120–day period of Rule 4(m).[2]

Judge Weber continued the October 22 hearing in progress to November 22. On

---

**1.** Rule 4(e) permits service in a manner permitted by the law of the state in which this Court is located or by hand delivery. Ohio law permits service by certified or express mail by the clerk of courts.

**2.** Plaintiff also testified at the October 22 hearing that an employee of the Clerk of this Court erroneously informed him that the period within which service was to be accomplished was 180

days. Plaintiff did not identify bad advice from the Clerk as a ground justifying his failure to effect service in response to the Magistrate Judge's show cause order, however. The Court is confined to a *de novo* examination of the portions of the Magistrate Judge's Report and Recommendation to which Defendants have raised specific objections. *See* Rule 72(b), Federal Rules of Civil Procedure. The Report and Recommendation was based upon the sole justifi-

November 2, however, he recused from further consideration of this matter, and the Clerk reassigned the matter to this Judge.

Having reviewed Plaintiff's response to Magistrate Judge Sherman's order to show cause and the evidence, both testimonial and documentary, offered by Plaintiff in support of that response, the Court is persuaded that Defendants' objections to the Report and Recommendation are well-taken. In response to the order to show cause, Plaintiff submitted his own affidavit in which he stated that three of his siblings had died within a short period of time, that he provided most of the care for his ailing mother, and that he was distracted from his personal affairs. The evidence submitted at the October 22 hearing demonstrates that the deaths of two of his siblings and the illness of his mother were not events that significantly affected Plaintiff during the 120–day period following October 14, 1998, the date upon which he filed the complaint in this matter. While his sister's death occurred within the 120–day period, that one event, its emotional impact upon Plaintiff notwithstanding, is not sufficient cause to excuse his failure to effect service during the 120–day period or to request an extension of the 120–day period prior to its expiration. Even when the Court considers the fact that Plaintiff's sister's death followed closely the deaths of two of his brothers, the Court is not persuaded that those events provide justification for Plaintiff's failure to complete the uncomplicated and undemanding process of accomplishing service of the summons and complaint upon two defendants within a 120–day period or requesting an extension of that period.

As Judge Weber noted at the October 22 hearing, none of the events named by Plaintiff prevented him from drafting and filing the complaint, *pro se*, a much more demanding task for a non-lawyer than effecting service upon two defendants. He could, of course, have effected service of the complaint at the time of its filing. The only change in circumstances during the 120–day period after the filing of the complaint was the death of Plaintiff's sister on November 2, 1998, and the Court concludes that her death does not constitute good cause for Plaintiff's failure to effect service between October 14, 1998 and February 11, 1999.

For those reasons, Defendants' objections to the Magistrate Judge's June 1, 1999 Report and Recommendation are **SUSTAINED**. Defendants' April 26, 1999 motion to dismiss this action for failure to effect timely service (Doc. 7) is **GRANTED**. This action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

---

cation for the failure of service that Plaintiff provided in response to the Magistrate Judge's order to show cause, specifically, the deaths and illnesses of members of Plaintiff's immediate family. Any other justification offered by Plaintiff at the October 22 hearing is not a timely response to the show cause order, was not a basis for the Magistrate Judge's Report and Recommendation, and is beyond this Court's consideration.